**Waad Saliwa KHAMO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–71804.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Nov. 25, 2003.

Steven A. Seick, Esq., Attorney at Law, San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Paul Fiorino, Richard M. Evans, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, RYMER, and GRABER, Circuit Judges.

MEMORANDUM *

Waad S. Khamo claims that he was persecuted by Ba'ath party officials in Iraq because he is a Chaldean Christian and refused to join the Ba'ath party. The IJ found Khamo's testimony credible, but denied asylum because he determined that Khamo had firmly resettled in Mexico. We affirm.

Where an asylum applicant has firmly resettled in a third country prior to seeking asylum in the United States, the applicant is not eligible for asylum. *See Yang v. INS,* 79 F.3d 932, 934 (9th Cir.1996). Under 8 C.F.R. § 208.15:

> An [applicant] is considered to be firmly resettled if, prior to arrival in the United States, he or she entered into another country with, or while in that country received, an offer of permanent resident status, citizenship, or some other type of permanent resettlement. . . .

Living in a third country for a substantial number of years gives rise to a presumption that the applicant obtained permanent immigration status in that country. *Cheo v. INS,* 162 F.3d 1227, 1229 (9th Cir.1998); *see also Yang,* 79 F.3d at 935 (holding that asylum applicants were firmly resettled where they had lived in France for fourteen years and had children there).

After fleeing Iraq, Khamo lived in Mexico for ten years. He married a Mexican citizen and had children in Mexico. He managed a business there. Khamo was

---

firmly resettled in Mexico before he came to the United States. For that reason, he is not eligible for asylum.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.